UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NANCY GOMEZ,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.
_____/

## **COMPLAINT**

Comes now NANCY GOMEZ ("Plaintiff"), on behalf of herself hereby sues COSTCO WHOLESALE CORPORATION, and alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 42 U. S. C. § 2000e-5(f), 42 U. S. C. § 2000e-6, 28 U. S. C. §§ 1331, 1345. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA").

2. The Court has original jurisdiction over Plaintiffs' claims arising under pursuant to 28 U.S.C. §§ 1331, 1367 and 1343.

3. Plaintiff NANCY GOMEZ is an individual *sui juris* residing in Miami-Dade County, Florida.

4. Plaintiff NANCY GOMEZ is over the age of forty (40) and has a qualified disability.

5. Defendant COSTCO WHOLESALE CORPORATION is a Foreign Profit Corporation with its principal place of business in Issaquah, Washington.

6. Defendant has continuously been doing business in the state of Florida and in

locations throughout the United States, including the Defendant's Flagler location within Miami-Dade County, Florida.

7. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida.

8. Venue is proper pursuant to 28 U. S. C. § 1391.

## ADMINISTRATIVE PROCEDURES

9. More than thirty (30) days prior to the institution of this lawsuit, NANCY GOMEZ filed a charge with the Commission alleging that Defendant discriminated against her in violation of the ADEA.

10. By letter dated March 25, 2019, the Commission issued to Defendant a Determination finding reasonable cause to believe that Defendant violated the ADEA and invited Defendant to participate in informal methods of conciliation.

11. The Commission was unable to secure a conciliation agreement that was acceptable and by letter dated September 4, 2019, it determined that it would make no further efforts to conciliate the case as further conciliation efforts would be futile or non-productive.

12. By letter dated September 4, 2019, the Commission issued its Notice of Right to Sue.

## STATEMENT OF CLAIMS

13. Ms. Gomez is a licensed Optician.

14. Ms. Gomez was an employee of Defendant in the position of Licensed Optician for 21 years.

15. Ms. Gomez worked at the same location within Defendant's organization ("the Flagler Store") for twenty-one (21) years without incident or Complaint.

16. In 2015, new management was introduced to the Flagler Store, including a new

General Manager, Terry Donohue ("Mr. Donohue") and a new Optical Manager, Jill Poda ("Ms. Poda").

17. Within days of arrival, Mr. Donohue made humiliating and discriminatory comments regarding Ms. Gomez's age and asked her former supervisor when Ms. Gomez would be retiring. Ms. Gomez was made aware of the comments by Mr. Donohue by her former supervisor. Ms. Poda similarly asked another employee why Ms. Gomez did not retire, because of her age, humiliating her further.

18. Ms. Poda, as Ms. Gomez's direct supervisor began singling out Ms. Gomez.

19. Prior to Ms. Poda joining the Flagler Store, Ms. Poda worked at Defendant's Kendall store, located at 13450 SW 120th St, Miami, Florida. Just prior to Ms. Poda's tenure at the Flagler store an employee from the Kendall Optical called the Flagler Optical and spoke with an employee at the Flagler location to inquire about Ms. Gomez's age. The Flagler employee asked Ms. Gomez how old she was because an employee at Kendall wanted to know. Ms. Gomez thought it was strange but chalked it up to a joke, at the time, but later found out that it was part of Ms. Poda's continuous bad faith discrimination due to her age.

20. Within a few weeks of Ms. Poda's arrival, Ms. Gomez was subjected to discipline including "write-ups," with false accusations.

21. Ms. Poda singled out Ms. Gomez and made disparaging comments regarding Ms. Gomez, accused her of unprofessional conduct, falsely accused Ms. Gomez of leaving company property unsecured, and interfered with Ms. Gomez's sales and creating a stressful and hostile work environment for Ms. Gomez.

22. Ms. Poda created a hostile work environment and made it difficult, if not impossible for Ms. Gomez to meet the benchmarks Ms. Poda and Defendant expected her to fulfill.

23. On or about January 2015, shortly after Ms. Poda began her tenure at the Flagler Store, Ms. Poda injured Ms. Gomez by opening a drawer Ms. Gomez was standing in front of.

24. As a result of the injury, Ms. Gomez suffered a painful injury and even required physical therapy.

25. Ms. Gomez had to meet certain sales goals, but Ms. Poda would interfere when Ms. Gomez was speaking with customers and on more than one (1) occasion, while Ms. Gomez was interacting with a customer Ms. Poda called her to the manager's office for discipline which caused her to forfeit those sales.

26. On at least one (1) occasion Ms. Poda in conjunction with Mr. Donohue reassigned Ms. Gomez to a different department ensuring that Ms. Gomez would be unable to complete her required benchmarks for that day.

27. Near the end of 2015, Ms. Poda commented to a cashier at the Flagler Store that she needed "young people in the optical department," clearly indicating that older employees such as the Plaintiff had to go.

28. As a result of the hostile work environment created by Defendant and its agents, Ms. Gomez suffered medically and physically.

29. Ms. Poda even went as far as to publicly accuse Ms. Gomez of being suicidal.

30. Shortly thereafter, Ms. Gomez suffered a cardiac incident which required her to take a temporary medical leave for eight (8) weeks.

31. Upon her return for the approved medical leave on or about April 2015, Ms. Gomez was scheduled to work eleven (11) days in a row without any rest days in between.

32. Ms. Poda did so, knowing that Ms. Gomez required time during her shifts to monitor her blood pressure and sugar levels. That monitoring required that Ms. Gomez be allowed

a few minutes in private to use the appropriate devices. By scheduling Ms. Gomez for such a grueling schedule without adequate coverage, Ms. Poda refused to accommodate Ms. Gomez's legitimate medical needs.

33. Ms. Poda refused to allow Ms. Gomez rest time during her shifts, even though she allowed other younger employees to sit and rest during their shifts.

34. Around this time, another older optician, Pedro Mier, was terminated and replaced with a younger twenty-six (26) year old unlicensed optician.

35. Shortly after Mr. Mier's termination, Ms. Poda commented to another employee that Ms. Gomez would be next.

36. Ms. Gomez was treated differently based on her age in violation of the ADEA.

37. Defendant via its agents, Ms. Poda and Mr. Donohue, created a hostile and difficult environment that made it impossible for Ms. Gomez to succeed or even adequately perform her duties.

38. Ms. Poda refused to allow Ms. Gomez any additional time on breaks or schedule her for shifts with adequate coverage to allow Ms. Gomez to monitor her health.

39. After Ms. Gomez filed a Complaint with the Commission, Ms. Poda's behavior escalated.

40. Ms. Poda exaggerated Ms. Gomez's behavior, falsely accused her of throwing glasses at a customer and generally increased the hostile work environment through her comments and actions.

41. Shortly after Defendant was notified of the pending EEOC complaint, Ms. Gomez was written up and suspended without pay for three (3) days for allegedly violating an organization policy, which Ms. Gomez denies.

42. A few weeks later, Ms. Poda threw eye glasses at Ms. Gomez and verbally yelled at her in front of waiting customers accusing her of taking too long with the customer. Ms. Poda threatened Ms. Gomez's job and made odd accusations in regards to the manner in which she was helping the patrons, accusing her very publicly. Ms. Gomez became so agitated from the encounter that she ended up visiting the hospital that night and was ordered to stay away from work for several days.

43. While Ms. Gomez suffered negative and disparaging comments, and inaccurate write-ups, and a generally hostile environment, Ms. Poda treated younger employees very differently. Allowing the younger employees lighter shifts, more rest and frequent praise.

44. As a result of the hostile work environment, Ms. Gomez's health suffered which culminated in her taking a second leave of absence in 2018. Ms. Gomez had approved leave from her employer and upon return from her approved medical leave Ms. Gomez was terminated.

45. Ms. Gomez was terminated under the pretense of not showing up to work when scheduled, even though she had been in constant communication with Defendant's Human Resources Department regarding her leave and providing them with regular updates.

46. Ms. Gomez was terminated from her position on the basis of her age.

47. All conditions precedent to bringing this action have been met or waived.

## COUNT I
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

48. Plaintiff re-asserts and re-alleges the allegations contained paraphs 1-47 as if fully set forth herein.

49. The Age Discrimination in Employment Act protects applicants and employees 40 years of age and older from discrimination on the basis of age in hiring, promotion, discharge, compensation, or terms, conditions or privileges of employment.

50. The Age Discrimination in Employment Act and its implementing regulations prohibit employers from to (1) failing or refusing to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; and (2) limiting, segregating, or classifying his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age. 29 U.S.C. §623(a).

51. Defendant has continuously been doing business in the state of Florida and in locations throughout the United States, and has continuously had at least 20 employees.

52. Defendant is an employer within the meaning of 29 U.S.C. §630.

53. Defendant discriminated against Plaintiff NANCY GOMEZ in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a)

54. Defendant intentionally terminated Ms. Gomez to a position she would be unable to perform.

55. Defendant intentionally discriminated against Ms. Gomez because of her advanced age.

56. Defendant and its agents took action against Ms. Gomez which discriminated against her because of her age and ultimately terminated her as a result.

57. Ms. Gomez's age was a determinative factor in Defendant's decision to take an adverse employment action against her.

58. Defendant intentionally discriminated against Ms. Gomez on the basis of her age.

59. But for Ms. Gomez's advanced age, Defendant and its agents would not have terminated Ms. Gomez and engaged in adverse employment actions against her.

WHEREFORE, Plaintiff respectfully requests this Court award NANCY GOMEZ:

a. The amount of her unpaid wages;

b. Any overtime compensation;

c. Liquated damages;

d. Past, present and future lost wages;

e. Reasonable attorney's fees and costs; and

f. Order such other appropriate relief as the interests of justice require.

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all facts and issues raised in her Complaint.

Dated: December 3, 2019

        **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
          aquezada@lawgmp.com

By: ___/s/ Anthony J. Perez_____
    ANTHONY J. PEREZ
    Florida Bar No.: 535451